UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MARK HESSBROOK** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No.  SA-07-CA-475-XR |
| | ) |
| **JAMES VALLE, SHERIFF RALPH LOPEZ, and BEXAR COUNTY, TEXAS** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

Defendant James Valle filed a Motion to Dismiss (Docket No. 2) alleging he is protected from suit by qualified immunity and that Plaintiff failed to plead facts which show he violated a clearly established constitutional right. After reviewing the briefing of the parties,[1] along with the relevant case law, the Court DENIES Defendant's Motion.

**Analysis**

In determining the merits of a 12(b)(6) motion to dismiss, the Court must accept "all well-pleaded facts as true and . . . view them in the light most favorable to the plaintiff."[2] Moreover, the Court "may not look beyond the pleadings" in ruling on the motion.[3]

---

[1] Conspicuously absent is a response by Plaintiff to Defendant's motion to dismiss. The Court is perplexed why Plaintiff would leave to it the task of postulating what his positions would be if he were to address the arguments presented by opposing counsel. The Court hopes Plaintiff does not make a habit of failing to reply to dispositive motions adverse to his interests.

[2] McCartney v. First City Bank, 970 F.2d 45, 47 (1992).

[3] *Id*.

Defendant Valle asserts qualified immunity defenses to Plaintiff's Fifth, Eighth, and Fourteenth Amendment claims of denial of due process and cruel and unusual punishment. According to *Saucier v. Katz*, the initial inquiry for the Court is whether "taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"[4] If a constitutional "violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established."[5] It is important to note that this inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition."[6] Indeed, "the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[7]

Following the *Saucier* structure, the first step for the Court is to determine whether Plaintiff has pled facts that, if true, would establish that Defendant Valle violated a constitutional right. With respect to Plaintiff's claim regarding cruel and unusual punishment, the Supreme Court has held that the "unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment."[8] Plaintiff contends he was taken out of a transport vehicle, forced to his knees, and struck several times by Defendant Valle. He then

---

[4] 533 US 194, 201 (2001).

[5] *Id*.

[6] *Id*.

[7] *Id*. at 202.

[8] Hudson v. McMillian, 503 US 1, 5 (1992).

alleges, amongst other things, that he was flung back into the vehicle with a kick to his back, taken to the Bexar County Jail, placed in cell # 18, and further assaulted with kicks and blows. According to Plaintiff, all this arose from something as insignificant as a verbal altercation over whether to turn up the volume in the transport vehicle. Certainly, if the facts are as Plaintiff professes, the described behavior on the part of Defendant Valle would constitute "unnecessary and wanton infliction of pain" in violation of an established constitutional right.[9]

The inquiry next turns to whether the rights allegedly violated were clearly established. In other words, would it be "clear to a reasonable officer" that the Defendant's conduct was unlawful in the situation he confronted.[10] As the Supreme Court has noted, "it is sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts. . . If the officer's mistake as to what the law requires is reasonable . . . the officer is entitled to the immunity defense."[11]

Here, if the facts as Plaintiff pled them are true, no reasonable officer would conclude it to be lawful to physically assault an inmate with repeated punches and kicks, on at least two separate occasions, for no other cause than a verbal altercation over whether to turn up the radio in a car. A reasonable officer would not believe such "force was applied in a good faith effort to maintain or restore discipline," but rather, would know it was being applied "maliciously and sadistically for the very purpose of causing harm."[12]

---

[9] *Id*.

[10] *Saucier*, 533 US at 202.

[11] *Id*. at 205.

[12] *Hudson*, 503 US at 6.

Therefore, given the deferential approach due Plaintiff's allegations at this stage of litigation, the Court finds Plaintiff has met the requisite burden to overcome Defendant's Motion to Dismiss (Docket No. 2). Accordingly, Defendant's motion is denied.

It is so ORDERED.

SIGNED this 22nd day of January, 2008.

                                        XAVIER RODRIGUEZ
                                      UNITED STATES DISTRICT JUDGE